**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

RAMON HOSEA MCGRAW                                                              PLAINTIFF
ADC #142102

V.                                       NO: 5:14CV00107 KGB/HDY

RAY HOBBS *et al.*                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.       Why the record made before the Magistrate Judge is inadequate.

    2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the
    hearing before the District Judge in the form of an offer of
    proof, and a copy, or the original, of any documentary or
    other non-testimonial evidence desired to be introduced at
    the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Ramon Hosea McGraw, currently incarcerated at the Grimes Unit of the Arkansas

Department of Correction ("ADC"), filed a *pro se* complaint on March 24, 2014, alleging his due

process and equal protection rights were violated in connection with an incident involving him and

another inmate. Because Plaintiff's complaint was too vague to determine if he stated a claim for

relief, he was ordered to file an amended complaint. Plaintiff filed an amended complaint on July

14, 2014 (docket entry #9).[1]

## I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2)

---

[1]Plaintiff has also filed a notice regarding the relief he is seeking (docket entry #10).

requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff's complaint, he and inmate A. Green had a disagreement about former professional basketball player Michael Jordan. Although Green believed Jordan is not as good as he was when he was playing professionally, Plaintiff asserted that Jordan will always be the best. After the argument, Defendants Armstrong and Rhodes talked to both men, and Plaintiff believed they improperly sided with Green. Plaintiff was discharged from an education program he needed to complete as a condition of his parole, but Green was not, despite the fact that Green violated prison policy just like Plaintiff.

Plaintiff contends his due process and equal protection rights were violated because he did not receive a disciplinary report before he was removed from the program, and because Green was not removed from the program. Because Plaintiff has no right to participation in an education or

rehabilitation program, due process is not required before he can be dismissed from the program. *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992). Additionally, despite the Court's order directing Plaintiff to provide the reasons he believes his equal protection rights were violated when Green was treated differently, Plaintiff has identified no constitutionally impermissible reason for any difference in treatment. Finally, the failure of any Defendant to follow prison policy is not actionable. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   6   day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE