IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RAMON HOSEA MCGRAW**                                                                                    **PLAINTIFF**
**ADC #142102**
v.                              Case No. 5:14-cv-00107-KGB-HDY

**RAY HOBBS,** *et al.*                                                                                  **DEFENDANTS**

**ORDER**

The Court has reviewed the Proposed Findings and Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge H. David Young (Dkt. No. 11), as well as the objections filed by plaintiff Ramon Hosea McGraw (Dkt. Nos. 14, 15). After carefully considering the objections and making a *de novo* review of the record in this case, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.

The Court writes separately to address Mr. McGraw's objections to the Recommendation's finding that his due process claim should be dismissed. Mr. McGraw alleges that, without notice of the charges against him or a hearing, he was placed in isolation and discharged from a rehabilitative program that he needed to complete as a condition of his parole. Mr. McGraw argues that this prolonged his stay in prison by depriving him of parole, thereby violating his due process rights.

The Fourteenth Amendment to the United States Constitution, extending the due process protections of the Fifth Amendment, provides in part that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. Protected liberty interests may arise from the Due Process Clause itself or from an expectation or interest created by state laws or policies. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Due

Process Clause does not create a protected liberty interest in any particular rehabilitative program, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976), or in the possibility of future parole or release before expiration of a validly imposed sentence, *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Liberty interests arising from state law are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incident of prison life" or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 484, 486-87 (1995). Placement in punitive isolation or administrative segregation for relatively short intervals, even if it results in a temporary suspension of privileges, does not constitute the type of "atypical and significant" hardship that triggers the protection of the Due Process Clause. *See, e.g.*, *Portley–El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*).

Further, the Arkansas statutes governing parole do not create anything more than a mere possibility of parole, and thus the statutes do not establish any right to release on parole that would invoke due process protection. *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984); *see Bd. of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987). Instead, the statutes provide that the Parole Board "may" release an individual on parole "when in its opinion there is a reasonable probability that the prisoner can be released without detriment to the community or himself or herself." Ark. Code Ann. § 16-93-701(a)(1). Accordingly, the Arkansas Supreme Court has emphasized the broad discretionary authority granted to the Board under the state's parole statutes. *See Michalek v. Lockhart*, 730 S.W.2d 210, 211 (Ark. 1987).

Thus, because Mr. McGraw did not have a constitutional right to parole that would invoke due process protection, his discharge from the rehabilitative program could not have violated any right to a possibility of parole. *See Stewart v. Davies*, 954 F.2d 515, 516 (8th Cir. 1992). Moreover, under the applicable Arkansas statutes, the Board of Corrections is granted broad discretion in establishing rules and regulations for the assignment of inmates, and determining inmates' eligibility, to participate in vocational, educational, and rehabilitative activities. *See* Ark. Code Ann. §§ 12-29-101(d), 12-30-401. Thus, the statutes do not establish any right to a rehabilitative program that would invoke due process protection.

It is therefore ordered that:

1.  Mr. McGraw's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.  All other pending motions are denied as moot (Dkt. Nos. 17, 18, 19).

3.  This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

4.  The Court certifies that an *in forma pauperis* appeal taken from the Order and Judgment dismissing this action is considered frivolous and not in good faith.

SO ORDERED this 10th day of December, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE